UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**POLLY R. GRANGER and THOMAS E. GRANGER,**

            **Plaintiffs,**

**-vs-**                                                     **Case No. 6:12-cv-223-Orl-31DAB**

**KELLY C. WILLIAMS, JENNIFER SHAFFER, KEVIN THERIAULT, MICHAEL BROUILLETTE, and CITY OF NEW SMYRNA BEACH, FLORIDA,**

            **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 22), filed by Defendant City of New Smyrna Beach, Florida (the "City"); and a Response (Doc. 26), filed by Plaintiffs Polly R. Granger ("Mrs. Granger") and Thomas E. Granger ("Mr. Granger").

**I. Background**

This §1983 action is based on the allegedly false arrests of Mr. and Mrs. Granger by Defendants Kelly C. Williams, Jennifer Shaffer, and Kevin Theriault, officers of the New Smyrna Beach Police Dept. (collectively, the "Officers"). On November 21, 2010, the Officers got a call that a "minor dispute" had occurred at a local restaurant. When they arrived at around 9:30p.m., they encountered the Plaintiffs and another couple sitting at a table in front of the restaurant. The Officers asked about the reported incident and Plaintiffs replied that a dispute had indeed occurred, but that they were not involved. For no apparent reason, Officer Theriault then began accusing one woman

who was sitting next to Plaintiffs of being involved in the conflict and threatened to arrest "everyone" for "disorderly intoxication." When no one complained of being victimized and no one appeared to be injured, the Officers instructed the group to "go on home." Rather than following these instructions, Mrs. Granger made several ill-advised comments to Officer Kelly Williams beginning with "are you having a baby?" followed by, "I thought her belly looked like she might be pregnant . . . sorry." Heated words were exchanged between Plaintiffs and the Officers until finally Mr. and Mrs. Granger were arrested for "disorderly intoxication."

These allegations are in stark contrast to the charging affidavits from the Officers and a manager of the restaurant (quoted in the Complaint) which accuse Plaintiffs of being belligerent and starting a fight. According to Plaintiffs, and taken as true for the purpose of ruling on the instant motion, these affidavits were fabricated by the Officers in an attempt to justify the false arrest.

As a direct result of their arrests, Plaintiffs claim to have suffered physical and emotional harm, and Mrs. Granger lost her job as a nurse. Although the charges appear to have been dropped, at no time did the City take any remedial action, or attempt to discipline the Officers as a result of the arrests.

On February 10, 2012, Plaintiffs filed the instant suit asserting fifteen (15) claims of liability. Only the last Count is asserted against the City, which now moves to have it dismissed pursuant to Fed.R.Civ.P 12(b)(6).

## II. Standards

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and

must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**B. § 1983 Municipal Liability**

In *Monell v. Dept. of Soc. Servs. of New York*, the Supreme Court rejected the proposition that municipalities can be held liable under the doctrine of *respondeat superior*. 436 U.S. 658, 694 (1978). Instead, a Plaintiff is required to show that the Constitutional injury alleged was the result of a custom or policy. *Id.* Where no stated policy exists, a Plaintiff must show that there was a pattern of deliberate

indifference that is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997); *see also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310-11 (11th Cir. 2011).

Municipal liability may be based on a claim of inadequate training where "a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can be properly thought of as a city policy or custom that is actionable under § 1983." *Albra v. City of Ft. Lauderdale*, 232 Fed. App'x 885, 890 (11th Cir. 2007) (citations omitted). Establishing municipal liability for a failure to train offending employees presents "difficult problems of proof," lest the inquiry collapse into *respondeat superior. Connick v. Thompson*, 131 S.Ct. 1350, 1365, 179 L.Ed.2d 417 (2011). Furthermore, vague and conclusory allegations in a complaint without specific factual support are insufficient to support a civil rights complaint because such complaints are held to a higher pleading standard, and unsupported conclusions of law do not meet that standard. *Albra*, 232 Fed. App'x at 890 (citing *GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998) and *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003)).

**III. Analysis**

Although Plaintiffs have generally asserted that the city had a "custom or policy," they offer no factual allegations to support a plausible inference that such a policy existed. They rely solely on the Officers' conduct in this instance and the supervisor's failure to punish them afterward. Such allegations are insufficient to survive a motion to dismiss. *See Barr v. Gee*, 437 Fed. App'x 865, 874-75 (11th Cir. 2011); *Albra*, 232 Fed. App'x at 890.

Plaintiffs also fail to sufficiently allege a claim for failure to train because they cannot show deliberate indifference on the part of the City. In order to establish deliberate indifference, the "plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quotation omitted). A municipality may be put on notice if either (1) the municipality is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, or (2) the likelihood for a constitutional violation is so high that the need for training would be obvious.[1] *Barr*, 437 Fed. App'x at 874.

There are no plausible allegations that a "pattern of constitutional violations" existed, no allegations to support an inference that the City itself was on notice,[2] or that it made a deliberate choice not to train in this area. *See supra,* note 1.

Accordingly, it is **ORDERED** that Defendant City of New Smyrna Beach, Florida's Motion to Dismiss (Doc. 22), is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 26, 2012.

---

[1] This latter category does not appear to apply in this case. *See Lewis*, 561 F.3d at 1293. Plaintiffs' allege only that they were arrested without probable cause. The City certainly trains its officers in this respect, and this specific instance notwithstanding, there are no allegations that the training program as a whole is deficient. *Id.* (" 'The focus must be on the adequacy of the training programs in relation to the tasks the particular officers must perform,' and not merely on the training deficiencies for a particular officer." (citing *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989))).

[2] Plaintiffs rely solely on the knowledge of Michael Brouillette, the direct supervisor of the Officers. There are no allegations, however, to suggest that he is an official "responsible for setting policy." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988).

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE